IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL DEBNAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>D. ECKENRODE, Food Service Manager, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:25-cv-55<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

Presently before the Court is a Complaint filed by *pro se* Plaintiff, Darryl Debnam ("Plaintiff") (ECF No. 8) alleging claims against four food service workers, D. Eckenrode, Bloom, Scharft, and Love (collectively "Defendants"), at State Correctional Institution Houtzdale ("SCI-Houtzdale"). Plaintiff asserts that Defendants never trained him to use food preparation equipment or on the safety procedures related to such equipment. (ECF No. 8 at 5). He asserts claims for civil rights violations, including violations of his First and Eighth Amendment rights. (*Id.* at 3). He seeks $2 million in compensatory damages and $10,000 in punitive damages against each defendant for first and second degree burns to his left foot caused by draining hot water from a large pot kettle. (*Id.* at 5). He also requests recovery of fees and attorney fees. (*Id.*).

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without leave to amend in federal court, but without prejudice to Plaintiff bringing any state law claim he may have in state court. (ECF No. 9).

1

For the reasons that follow, the Court will adopt in part and reject in part the findings and recommendations of Magistrate Judge Pesto in this matter. Specifically, the Court will adopt Magistrate Judge Pesto's recommendation that Plaintiff's Complaint be dismissed for failure to state a claim but will reject his recommendation that Plaintiff not be granted leave to amend in federal court. Instead, Plaintiff will be given the opportunity to file an amended complaint, which must comply with the requirements of the Federal Rules of Civil Procedure. Failure to do so will result in the dismissal of this case with prejudice.

### A.   <u>Standard of Review</u>

The Prisoner Litigation Reform Act ("PLRA") requires courts to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] *See* ECF No. 3, Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Memorandum Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 7).

662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Applying this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

**B.      Discussion**

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendants violated his First and Eighth Amendment rights by never training him to use the cooking equipment or on safety procedures related to such equipment. (ECF No. 8 at 5). On December 31, 2024, Plaintiff was draining hot water from a large pot kettle when the valve malfunctioned and hot water spilled onto his left foot. (*Id.*). He alleges that he suffered the following injuries: first and second degree burns to his left foot; daily pain; impaired functioning and organ functioning; swelling; loss of feeling, skin, a toenail, sleep; and fear. (*Id.*). He requests $2 million in compensation, $10,000 in punitive damages from each defendant, recovery of attorney fees, fees in general, and requests a jury trial. (*Id.*).

Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 9) recommending

that Plaintiff's Complaint (ECF No. 8) be dismissed for failure to state a claim without leave to amend in federal court, but with leave to amend for re-filing in state court. Plaintiff was advised of the fourteen-day time period to file objections to the Report and Recommendation. (ECF No. 9 at 6); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

The Court notes that Plaintiff's Complaint (ECF No. 8) fails to set forth any facts supporting a violation of his First Amendment rights. Plaintiff alleges that his First Amendment rights were violated by Defendants in the basis for jurisdiction section of his Complaint. (*Id.* at 3). He also notes "Retaliation" on the caption of his Complaint. (*Id.* at 1). The Court construes this as Plaintiff asserting a claim for Retaliation pursuant to the First Amendment. Such a claim requires Plaintiff satisfy three elements: (1) a plaintiff must prove that he was engaged in a constitutionally protected activity, *Rauser. v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001); (2) an inmate plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials" *id.* (citation omitted); and (3) a prisoner plaintiff must prove that "his constitutionally protected conduct was 'a motivating factor' in the decision to discipline him." *Id.* at 333 (quoting *Mount Healthy Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)); *Suppan v. Dadonna,* 203 F.3d 228, 235 (3d Cir.2000). Here, Plaintiff fails to specify what constitutionally protected activity he was allegedly involved in and how that was a motivating factor in the decision to discipline him. Plaintiff appears to have intended to allege more facts in his Complaint, but he failed to attach the additional document to his filing. (*See* ECF No. 8 at 5 (stating "see attach" and not attaching any further document to his Complaint)). Accordingly, the Court dismisses Plaintiff's claim for violation of his First Amendment rights.

Likewise, Plaintiff's claim for intentional/reckless infliction of emotional distress ("IIED"), that he notes on the caption of his Complaint, will also be dismissed. (ECF No. 8 at 1).

4

Such a claim under Pennsylvania law[2] requires the following elements: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the emotional distress must be severe. *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. 1997). Here, it seems Plaintiff is alleging that Defendants' actions in ordering him to continue to work after he injured himself caused him emotional distress in the form of loss of sleep. (ECF No. 8 at 5). However, Plaintiff does not allege actions on part of the Defendants that rise to the level of extreme or outrageous conduct necessary to support this claim. Indeed, the extreme and outrageous requirement of an IIED claim is a higher standard than "deliberate indifference." *See Bryan v. Erie Cty. Office of Children & Youth*, 861 F. Supp. 2d 553, 587 (W.D. Pa. 2012) (stating "[t]he tort of intentional infliction of emotional distress requires a showing beyond the threshold required by deliberate indifference in the § 1983 context."). As Plaintiff does not successfully allege an Eighth Amendment deliberate indifference claim, for the reasons stated in Judge Pesto's Report and Recommendation, the Court will dismiss Plaintiff's IIED claim.

Plaintiff filed Objections to Judge Pesto's Report and Recommendation (ECF No. 10), contending that his Eighth Amendment claim should not be dismissed because Defendant Bloom, Plaintiff's CSSI Supervisor, showed deliberate indifference to him by forcing him to work as a cook, and threatening sanctions if he failed to show up for work, while his foot was healing from burn injuries. (ECF No. 10). Plaintiff also recounts the events leading to his injuries in his Objections. (*Id.*). The Court reviews Plaintiff's Objections *de novo*. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

The Court finds no merit in Plaintiff's Objections as Plaintiff cannot raise a new legal theory for the first time in his objections or otherwise amend his Complaint in his Objections.

---

[2] IIED is a state law tort claim and Pennsylvania substantive law governs it. *See Cox v. Keystone Carbon Co.*, 861 F.2d 390, 394 (3d Cir. 1988).

5

*Grayson*, 293 F.3d at 109 n.9 (stating a plaintiff may not effectively amend a complaint "through any document short of an amended pleading."); *Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (stating issues raised initially in the objections to the magistrate judge's report and recommendation are deemed waived)). Here, Plaintiff alleges for the first time in his Objections that Defendant Bloom forced him to come to work after his injury, threatened him with consequences if he failed to do so, and sanctioned him for missing work due to pain. (ECF No. 10 at 3). In his Complaint, Plaintiff's Eighth Amendment claim was based on Defendants ordering him to continue to work the day of his injury for a time, until Plaintiff requested a grievance and medical. (ECF No. 8 at 5). Plaintiff cannot amend his Complaint through objections and the Court thus finds no merit in Plaintiff's Objections.

For the aforementioned reasons, the Court dismisses all of Plaintiff's claims. The Third Circuit instructs that "if a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Here, the additional allegations in Plaintiff's Objections show that his Eighth Amendment claim may have merit and the Court will allow Plaintiff leave to file an amended complaint. Plaintiff is reminded that the amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to the Complaint already filed. If Plaintiff fails to timely file an amended complaint, this case will be closed.

An appropriate Order follows.

## ORDER

AND NOW, this 14th day of January, 2026, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 9), is adopted in part and rejected in part as the Opinion of the Court and;

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 10) are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 8) is hereby DISMISSED WITHOUT PREJUDICE. Within twenty (20) days from the date of this Order, Plaintiff may file an amended complaint in this case in accordance with the Federal Rules of Civil Procedure. Failure to timely file an amended complaint in this case in accordance with this Court's Orders will result in the dismissal of this case.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Darryl Debnam QR1097
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866
Pro Se